IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DALTON TYLER WEAVER,

    **Plaintiff,**

v.                                      CASE NO. 25-3187-JWL

JOHN DUNLAP, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Dalton Tyler Weaver is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

### I. Nature of the Matter before the Court

Plaintiff brings this pro se civil rights action under 28 U.S.C. § 1331. Plaintiff is incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas ("HCF"). The Court granted Plaintiff leave to proceed in forma pauperis.

Plaintiff alleges that he called B&J Bail Bonds to come get him out of jail on or about July 16, 2015. (Doc. 1, at 2.) Plaintiff alleges that "he" was supposed to bond Plaintiff out free and clear from the Abilene, Kansas jail. *Id*. Plaintiff alleges that B&J Bail Bonds did get him out of jail, but he "got a felony as soon as [he] completed bond supervision." *Id*. at 6. Plaintiff alleges that his registration should have been cleared up before he was released on the bail bond he paid. *Id*. Plaintiff alleges that when "he" failed to get Plaintiff out of jail, "he" broke the contract and agreement. *Id*. Plaintiff alleges that "he" is responsible for the felony failure to register that Plaintiff was charged with on June 13, 2015. *Id*. Plaintiff alleges that although "he" got Plaintiff

1

out of jail on the 15th, "[b]y law he should of addressed the registration." *Id*. Plaintiff alleges that when "he" bonded Plaintiff out, it was his duty to make sure Plaintiff was to be let out free and clear. *Id*. at 7.

Plaintiff acknowledges that he signed a plea deal on July 10, 2015, and also signed a "Notice of Duty to Register" on that day that required him to register as a drug offender within three days of his release. *Id*. at 8. Plaintiff claims he was charged with failure to register on July 13, 2015, but he did not bond out until the 16th. *Id*. Plaintiff claims the bondsman was responsible for making sure that Plaintiff was released free and clear. *Id*.

As Count I, Plaintiff alleges contract fraud and breach of contract. *Id*. at 3. He claims that he did business with B&J Bail Bonds to bond him out on Case 15CR151. *Id*. As Count II, he alleges theft of services, arguing that he paid B&J Bail Bonds on a $2,500 bond on July 16, 2015. *Id*. As Count III, Plaintiff alleges theft by deception. *Id*. Plaintiff alleges that he paid cash to be "bonded out of jail" and received a felony charge because he was not let out free and clear. *Id*. at 4.

Plaintiff names John Dunlap and Brad Dunlap as defendants. Both defendants are bondsmen with B&J Bail Bonds. Plaintiff seeks compensation due to his incarceration. He seeks $50,000 per year of incarceration "plus 10 more years of registration penalty," and $30,000 for child support. *Id*. at 5. In another section of his Complaint, Plaintiff states that he is asking for 1.25 million for the damages done by the bondsman. *Id*. at 9.

## II. Statutory Screening of Prisoner Complaints

The Court is required to dismiss a case filed by a plaintiff proceeding in forma pauperis:

>   at any time if the court determines that—
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal—
>       (i) is frivolous or malicious;

> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

Federal courts are courts of limited jurisdiction, as "[t]hey possess only that power authorized by Constitution and statute . . . which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Federal district courts have "federal question jurisdiction" over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Although Plaintiff used the form for filing a civil rights case under 28 U.S.C. § 1331, he has alleged contract claims and has not alleged the violation of the Constitution, laws, or treaties of the United States. "[A] cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).

Federal district courts also have "diversity jurisdiction" when the amount in controversy

exceeds $75,000.00 and there is complete diversity among the parties, which means that no plaintiff may be a citizen of the same state as any defendant. 28 U.S.C. § 1332(a). Plaintiff does not invoke either basis for original jurisdiction in this court.

Likewise, Plaintiff has not shown that he would have a cause of action under 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff seeks to hold private actors accountable and does not plead that the defendants acted under color of state law, and their status as a bonding company and a bondsperson does not cause them to be state actors. *See United States v. Poe*, 556 F.3d 1113, 1123–24 & n.14 (10th Cir. 2009) (rejecting plaintiff's argument of a "symbiotic relationship" between bail bonds industry and law enforcement and finding a bounty hunter, who was acting out of self-interest rather than at the behest of law enforcement, was not a state actor for purposes of Fourth Amendment search and seizure, and noting that the result would be the same for the state action element of a § 1983 claim because the same test applies in both Fourth Amendment and § 1983 contexts); *Dean v. Olibas*, 129 F.3d 1001, 1006 n.4 (8th Cir. 1997) ("As a general matter, bondsmen are private citizens who interact with the state in the course of pursuing their private interests. Their conduct is therefore not attributable to the state.") (citation omitted). Because Plaintiff's Complaint fails to sufficiently allege Defendants were acting under color of state law, this Court would lack jurisdiction over these Defendants under § 1983. *See Whitehead v. Marcantel*, 766 F. App'x 691, 700 (10th Cir. 2019) ("We conclude that the complaint failed to provide sufficient factual matter to allege that Keefe was a state actor; therefore, the federal courts lack jurisdiction over this claim.").

Furthermore, Plaintiff's claims appear to be barred by the statute of limitations. Plaintiff claims that Defendants' actions occurred in 2015, and he filed this action on September 11, 2025. "[T]he statute of limitations for a breach of contract action in Kansas is five years." *Catholic Charities of Southwest Kansas, Inc. v. PHL Variable Ins. Co.*, 74 F.4th 1321, 1323 (10th Cir. 2023) (diversity case citing K.S.A. 60-511(1)). "And, for a breach of contract claim, Kansas law provides that a plaintiff's right to sue arises on the date of the alleged breach, even if the plaintiff has not yet discovered the breach or incurred damages." *Id*. (citations omitted).

Even if Plaintiff could bring his claims under 28 U.S.C. § 1331 or 42 U.S.C. § 1983, claims brought under those statutes are subject to the statute of limitations of the general personal injury statute in the state where the action arose. *See Whitney v. New Mexico Guarantee Student Loan Agency*, 105 F.3d 670, 1997 WL 9741, at *3 (10th Cir. 1997) (unpublished) (citations omitted); *see also Martino v. U.S. Marchal Serv.*, 2011 WL 2516905, at *3 (D. Kan. 2011) ("[An] action brought pursuant to 42 U.S.C. § 1983 or 28 U.S.C. § 1331,[ ] is subject to the statute of limitations of the general personal injury statute in the state where the action arose.") (citing *United States v. Kubrick,* 444 U.S. 111, 120 (1979); *Hardin v. Straub,* 490 U.S. 536, 539 (1989)). "K.S.A. § 60–513(a)(4) provides a two-year limitations period for bringing an action "for injury to the rights of another." *Martino*, 2011 WL 2516905, at *3.

Plaintiff should show good cause why this matter should not be dismissed for lack of jurisdiction.

## IV.  Motion for Appointment of Counsel

Plaintiff has filed a Motion for Appointment of Counsel (Doc. 3). Plaintiff sets forth his unsuccessful attempts to obtain counsel. (Doc. 3, at 2–3.)

6

The Court has considered Plaintiff's motion for appointment of counsel. There is no constitutional right to appointment of counsel in a civil case. *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). "Rather, a court has discretion to *request* an attorney to represent a litigant who is proceeding in forma pauperis" in a civil case. *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (emphasis added) (citing 28 U.S.C. § 1915(e)(1)). In other words, if this motion is granted, it means only that the Court will request that an attorney volunteer to be appointed to represent Plaintiff at no cost to Plaintiff. The Court cannot guarantee that an attorney will volunteer. *See Rachel v. Troutt*, 820 F.3d 390, 396 (10th Cir. 2016) ("Courts are not authorized to appoint counsel in § 1983 cases; instead, courts can only 'request' an attorney to take a case.").

The decision whether to appoint counsel—meaning to request counsel to provide representation at no cost to Plaintiff—in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to request volunteer counsel for Plaintiff, the Court has considered "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979; *Hill*, 393 F.3d at 1115. The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not yet clarified and may not be complex; and (3) Plaintiff appears capable of adequately presenting facts

and arguments. Thus, the Court will deny the motion without prejudice to refiling if this matter survives screening.

## V. Response Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for lack of jurisdiction. Failure to respond by the deadline may result in dismissal of this action without further notice for the reasons stated herein.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. 3) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **October 15, 2025,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for lack of jurisdiction.

**IT IS SO ORDERED**.

Dated September 15, 2025, in Kansas City, Kansas.

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**