IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DALTON TYLER WEAVER,

     **Plaintiff,**

     v.                             CASE NO.  25-3187-JWL

JOHN DUNLAP, et al.,

     **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 28 U.S.C. § 1331.  Plaintiff is incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas ("HCF").  The Court granted Plaintiff leave to proceed in forma pauperis.  On September 15, 2025, the Court entered a Memorandum and Order to Show Cause (Doc. 5) ("MOSC") granting Plaintiff until October 15, 2025, in which to show good cause why this matter should not be dismissed for lack of jurisdiction. Plaintiff has failed to respond by the Court's deadline.

Plaintiff brings contract claims against two bondsmen with B&J Bail Bonds.  The Court found in the MOSC that Plaintiff does not invoke the Court's federal question or diversity jurisdiction.  Federal district courts have "federal question jurisdiction" over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  Although Plaintiff used the form for filing a civil rights case under 28 U.S.C. § 1331, he has alleged contract claims and has not alleged the violation of the Constitution, laws, or treaties of the United States. "[A] cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).

Federal district courts also have "diversity jurisdiction" when the amount in controversy exceeds $75,000.00 and there is complete diversity among the parties, which means that no plaintiff may be a citizen of the same state as any defendant. 28 U.S.C. § 1332(a). Plaintiff does not invoke either basis for original jurisdiction in this court.

The Court also found that Plaintiff has not shown that he would have a cause of action under 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff seeks to hold private actors accountable and does not plead that the defendants acted under color of state law, and their status as a bonding company and a bondsperson does not cause them to be state actors. *See United States v. Poe*, 556 F.3d 1113, 1123–24 & n.14 (10th Cir. 2009) (rejecting plaintiff's argument of a "symbiotic relationship" between bail bonds industry and law enforcement and finding a bounty hunter, who was acting out of self-interest rather than at the behest of law enforcement, was not a state actor for purposes of Fourth Amendment search and seizure, and noting that the result would be the same for the state action element of a § 1983 claim because the same test applies in both Fourth Amendment and § 1983 contexts); *Dean v. Olibas*, 129 F.3d 1001, 1006 n.4 (8th Cir. 1997) ("As a general matter, bondsmen are private citizens who interact with the state in the course of pursuing their private interests. Their conduct is therefore not attributable to the state.") (citation omitted). Because Plaintiff's Complaint fails to sufficiently allege Defendants were acting under color of state law, this Court would lack jurisdiction over these Defendants under § 1983. *See Whitehead v. Marcantel*, 766 F. App'x 691, 700 (10th Cir. 2019) ("We conclude that the complaint failed to

provide sufficient factual matter to allege that Keefe was a state actor; therefore, the federal courts lack jurisdiction over this claim.").

Lastly, the Court found that Plaintiff's claims appear to be barred by the statute of limitations. Plaintiff claims that Defendants' actions occurred in 2015, and he filed this action on September 11, 2025. "[T]he statute of limitations for a breach of contract action in Kansas is five years." *Catholic Charities of Southwest Kansas, Inc. v. PHL Variable Ins. Co.*, 74 F.4th 1321, 1323 (10th Cir. 2023) (diversity case citing K.S.A. 60-511(1)). "And, for a breach of contract claim, Kansas law provides that a plaintiff's right to sue arises on the date of the alleged breach, even if the plaintiff has not yet discovered the breach or incurred damages." *Id.* (citations omitted).

Even if Plaintiff could bring his claims under 28 U.S.C. § 1331 or 42 U.S.C. § 1983, claims brought under those statutes are subject to the statute of limitations of the general personal injury statute in the state where the action arose. *See Whitney v. New Mexico Guarantee Student Loan Agency*, 105 F.3d 670, 1997 WL 9741, at *3 (10th Cir. 1997) (unpublished) (citations omitted); *see also Martino v. U.S. Marchal Serv.*, 2011 WL 2516905, at *3 (D. Kan. 2011) ("[An] action brought pursuant to 42 U.S.C. § 1983 or 28 U.S.C. § 1331,[1] is subject to the statute of limitations of the general personal injury statute in the state where the action arose.") (citing *United States v. Kubrick,* 444 U.S. 111, 120 (1979); *Hardin v. Straub,* 490 U.S. 536, 539 (1989)). "K.S.A. § 60–513(a)(4) provides a two-year limitations period for bringing an action "for injury to the rights of another." *Martino*, 2011 WL 2516905, at *3.

The Court ordered Plaintiff to show good cause why this matter should not be dismissed for lack of jurisdiction. The Court's MOSC provides that "[f]ailure to respond by the deadline may result in dismissal of this action without further notice for the reasons stated herein." (Doc. 5,

at 8.)  Plaintiff has failed to respond by the Court's deadline and has failed to show good cause why this matter should not be dismissed for lack of jurisdiction.

**IT IS THEREFORE ORDERED** that this matter is **dismissed without prejudice** for lack of jurisdiction.

**IT IS SO ORDERED**.

**Dated October 20, 2025, in Kansas City, Kansas.**

**<u>S/  John W. Lungstrum</u>**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**